Chief Judge Fuld (dissenting).
I favor reversal for the reasons separately given by Judges Bergan and Christ in their respective opinions. I find further ground for reversal in the prosecution’s failure to disclose to counsel for the defendant the existence of evidence obtained through wiretapping or eavesdropping devices in addition to the Neyer and Steinman “bugs”. The District Attorney, I have no doubt, acted in the best of faith but his nondisclosure of additional eavesdropping devices — particularly when considered in the light of the stipulation entered into between the prosecutor and defense counsel—may well have affected the preparation and conduct of the defense. (Cf. Brady v. Maryland, 373 U. S. 83, 87; People v. Ahmed, 20 N Y 2d 958 [decided Dec. 7, 1967]; People v. Savvides, 1 N Y 2d 554.) Such nondisclosure had a *80 direct bearing on the alleged violation of the defendant’s Fourth Amendment rights and the asserted invasion of his Sixth Amendment rights through police intrusion on confidential communications between the defendant (as well as his witnesses) and his lawyer.